IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENZO LIFE SCIENCES, INC.,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ROCHE MOLECULAR SYSTEMS, INC.,<br>ROCHE DIAGNOSTICS CORPORATION,<br>ROCHE DIAGNOSTICS OPERATIONS, INC.,<br>ROCHE NIMBLEGEN, INC.<br><br>　　Defendants. | Civil Action No. 12-cv-106-LPS<br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

Plaintiff Enzo Life Sciences, Inc. ("Enzo"), for its Amended Complaint against Defendants Roche Molecular Systems, Inc. ("Roche Molecular"), Roche Diagnostics Corporation ("Roche Diagnostics"), Roche Diagnostics Operations, Inc. ("Roche Operations") and Roche NimbleGen, Inc. ("Roche NimbleGen") (collectively, "Roche") hereby alleges as follows:

### PARTIES

1.　　Plaintiff Enzo is a New York corporation with its principal place of business at 10 Executive Boulevard, Farmingdale, NY 11735.

2.　　Defendant Roche Molecular is a Delaware corporation with its principal place of business at 4300 Hacienda Drive, Pleasanton, CA 94588.

3.　　Defendant Roche Diagnostics is an Indiana corporation with its principal place of business at 9115 Hague Road, Indianapolis, IN 46256.

4.　　Defendant Roche Operations is a Delaware corporation with its principal place of business at 9115 Hague Road, Indianapolis, IN 46256.

1

5. Defendant Roche NimbleGen is a Delaware corporation with its principal place of business at 504 South Rosa Road, Madison, WI 53719.

## NATURE OF THE ACTION

6. This is a civil action for infringement of United States Patent Nos. 6,992,180 ("the '180 Patent") and 7,064,197 ("the '197 Patent") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Roche because, among other things, Roche has committed, aided, abetted, contributed to, and/or participated in the commission of patent infringement in this judicial district and elsewhere that led to foreseeable harm and injury to Enzo. Moreover, Roche Molecular, Roche Operations, and Roche NimbleGen are Delaware corporations which, having availed themselves of Delaware's corporate laws, are subject to personal jurisdiction in Delaware.

9. This Court also has personal jurisdiction over Roche because, among other things, Roche has established minimum contacts within the forum such that the exercise of jurisdiction over Roche will not offend traditional notions of fair play and substantial justice. Moreover, Roche has placed products that practice the claimed inventions of the Patents-In-Suit into the stream of commerce with the reasonable expectation and/or knowledge that purchasers and users of such products were located within this District. Roche has sold, advertised, marketed, and distributed products in this District that practice the claimed inventions of the Patents-In-Suit.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### The Patents-In-Suit

11. United States Patent No. 6,992,180, entitled "Oligo- Or Polynucleotides Comprising Phosphate-Moiety Labeled Nucleotides," was duly and legally issued by the United

States Patent and Trademark Office on January 31, 2006. A copy of the '180 Patent is attached hereto as Exhibit A.

12. Enzo is the assignee of the '180 Patent and has the right to sue and recover damages for any current or past infringement of the '180 Patent.

13. United States Patent No. 7,064,197, entitled "System, Array and Non-Porous Solid Support Comprising Fixed or Immobilized Nucleic Acids," was duly and legally issued by the United States Patent and Trademark Office on June 20, 2006. A copy of the '197 Patent is attached hereto as Exhibit B.

14. Enzo is the assignee of the '197 Patent and has the right to sue and recover damages for any current or past infringement of the '197 Patent.

## COUNT I

### Infringement Of The '180 Patent

15. Paragraphs 1 through 14 are incorporated by reference as if fully stated herein.

16. Roche, either alone or in conjunction with others, has infringed and continues to infringe, one or more claims of the '180 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States certain nucleic acid probe products, including without limitation products involving TaqMan® probes, for example and without limitation, COBAS® AmpliPrep/COBAS® TaqMan® HIV-1 tests, COBAS® AmpliPrep/COBAS® TaqMan® HIV-1 tests v2.0, COBAS® AmpliPrep/COBAS® TaqMan® HCV tests, COBAS® AmpliPrep/COBAS® TaqMan® HBV tests v2.0, COBAS® TaqMan® HCV tests v2.0 for use with the High Pure System, COBAS® TaqMan® HBV tests for use with the High Pure System, cobas® TaqScreen MPX tests, and cobas® TaqScreen West Nile Virus tests (collectively "Nucleic Acid Probe Products").

17. Roche has had knowledge of and notice of the '180 Patent and its infringement since at least February 7, 2012, through a letter sent by Enzo to Roche concerning the '180 patent and its infringement.

18. Roche either alone or in conjunction with others, has induced infringement, and continues to induce infringement, of one or more claims of the '180 Patent under 35 U.S.C. § 271(b). At all relevant times, Roche actively, knowingly, and intentionally induced others, including without limitation its customers, to use, make, sell, offer for sale, and/or import the Nucleic Acid Probe Products, in a way that Roche knew or should have known infringes one or more claims of the '180 Patent.

19. Enzo has been and continues to be damaged by Roche's infringement of the '180 Patent.

20. Roche's infringement of the '180 Patent was, and continues to be, willful.

21. Roche's conduct in infringing the '180 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT II

### Infringement Of The '197 Patent

22. Paragraphs 1 through 21 are incorporated by reference as if fully stated herein.

23. Roche, either alone or in conjunction with others, has infringed and continues to infringe, one or more claims of the '197 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States certain nucleic acid probe products, including without limitation AmpliChip® CYP450 tests and NimbleGen AccuSNP arrays.

24. Enzo has been and continues to be damaged by Roche's infringement of the '197 Patent.

25. Roche's conduct in infringing the '197 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Enzo respectfully requests that this Court enter judgment against Roche as follows:

    A.    That Roche has infringed the Patents-In-Suit;

    B.    That Roche's infringement of the '180 Patent has been willful;

    C.    That Enzo be awarded damages adequate to compensate it for Roche's past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Enzo for Roche's infringement, an accounting;

    D.    That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285;

    E.    A preliminary and permanent injunction preventing Roche, and those in active concert or participation with Roche, from directly and/or indirectly infringing the Patents-In-Suit;

    F.    A judgment requiring that, in the event a permanent injunction preventing future acts of infringement is not granted, Enzo be awarded a compulsory ongoing licensing fee; and

    G.    That Enzo be awarded such other and further relief at law or equity as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Enzo hereby demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

Dated: July 16, 2012        FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)

919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0336
(302) 777-0301
bfarnan@farnanlaw.com

John M. Desmarais (admitted *pro hace vice*)
Michael P. Stadnick (admitted *pro hac vice*)
Xiao Li (admitted *pro hac vice*)
Joseph C. Akalski (admitted *pro hac vice*)
Lauren M. Nowierski (admitted *pro hac vice*)
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Tel)
(212) 351-3401 (Fax)
jdesmarais@desmaraisllp.com
mstadnick@desmaraisllp.com
xli@desmaraisllp.com
jakalski@desmaraisllp.com
lnowierski@desmaraisllp.com

*Counsel for Plaintiff*